IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 16-405-2 |
| | : | |
| CHARLES WASHINGTON | : | |

McHUGH, J.                                                                                                          December 13, 2023

# MEMORANDUM

Defendant Charles Washington moves to dismiss Counts 1-5 and 7-11 of the Government's Superseding Indictment based on the Double Jeopardy Clause of the Fifth Amendment. As described below, prosecution on these counts was delayed by a mistrial declared on November 14, 2023. Defendant contends that even though he consented to the Court's declaration of a mistrial, the Government cannot resume prosecution on these counts because (a) it "goaded" Defendant into consenting to the mistral and (b) there was no "manifest necessity" to declare the mistrial. Because I find no basis to conclude that the Government "goaded" Defendant into consenting to the mistrial, and because "manifest necessity" is not required where a Defendant consents to a mistrial, I will deny the Defendant's motion to dismiss these counts.

I.   **Relevant Background**

The charges against Defendant fit into two categories: (1) "financial" charges related to his alleged participation in a fraudulent check-cashing scheme, and (2) "firearms" charges related to his alleged participation in illegally obtaining a handgun. Superseding Indictment (ECF 20). On November 13, 2023, Defendant's case proceeded to a trial on all charges. Well into the process of individual *voir dire* of the panel, Defense Counsel belatedly raised a concern to the Court about a lack of specific *voir dire* on the firearms aspect of the case. The Government had proposed *voir dire* initially, Defense Counsel was given an opportunity for input, and the Court

circulated a final version of the proposed *voir dire*, to which both sides agreed.  Still, rather than rule that the Defense had waived any objection by accepting the final revision, with the agreement of allcCounsel, I agreed to sever the firearms charges for trial at a later date and proceed only on the financial charges.  Jury selection concluded on November 13, 2023, and the jury was sworn.

The following morning, before the start of opening arguments, Defense Counsel raised another objection about a last-minute discovery production by the Government.  Transcript of Jury Trial, Nov. 14, 2023 (ECF 220).  Noting the size of the production, I agreed with Defense Counsel that significant time would likely be needed to analyze and effectively utilize the contents.  I therefore sought the parties' position on declaring a mistrial, explicitly for the purpose of affording Defense Counsel time to review the production and to allow the financial and firearms charges to be tried together.  Government Counsel (Ms. Eve) and Defense Counsel (Mr. DeStefano and Ms. Pawelski) expressly consented to the declaration of a mistrial:

> THE COURT: Counsel, I'm strongly inclined, since we have to try the gun case anyway, to -- to just adjourn this trial.  Give the Defense time to look at this new information.  And start it over and do it all in one fell swoop…
>
> THE COURT: I'm strongly inclined since we know we have the gun charge to try anyway that we simply adjourn this trial and do it all in one single proceeding.
>
> MS. EVE: Government does not oppose.
>
> THE COURT: All right.  Mr. DeStefano, Ms. Pawelski, do you agree with that?
>
> MR. DESTEFANO: That's okay. There might be a problem with scheduling the whole one fell swoop right away but maybe a week or two I'm saying, you know.
>
> MS. PAWELSKI: I -- I have -- I have no objection and I share the Court's feeling without knowing what is in there and without living with this case for as long as I have, I certainly don't want to go forward, you know, not knowing if there's something that is of use to the Defense in there.
> . . . .
> THE COURT: Well, the -- the issue in front of us is do we declare a mistrial.
>
> MS. PAWELSKI: Okay.

2

THE COURT: The Government has said that they do not object.

MS. PAWELSKI: Okay.

THE COURT: I understand from your co-counsel he does not object. And I assume that you were of the same mind as your co-counsel.

MS. PAWELSKI: May we have one moment to -- ?

THE COURT: You may.

MS. PAWELSKI: Yes, we agree.[1]

THE COURT: All right. So just so we're clear, there's consent from both the Government and the Defense. Agreed?

MS. EVE: Yes.

THE COURT: Defense?

MS. PAWELSKI: Yes.

THE COURT: I just didn't want there to be any ambiguity on the record.

MS. PAWELSKI: Yes.

THE COURT: All right. Then I will discharge this jury. We will pick a date as soon as possible in order to try the case in its entirety . . . . [S]itting here now I can't say whether this quarter inch of documents has meaning or not. I simply don't know. But . . . I also know, as a former jury trial lawyer, that defense counsel doesn't know. And if they don't know then they cannot effectively represent their client. And -- and it's on that basis that I think there's a manifest --.

MR. DESTEFANO: What the adjournment will allow us to do is to prepare motions in limine that can be decided as you -- as you suggest before the next trial starts.

THE COURT: All right. So I find there's a manifest necessity to declare a mistrial here and we will then proceed to reschedule trial as promptly as we can. Anything further requiring the attention of the Court?

MS. PAWELSKI: Not from the Defense, your Honor. Thank you.

---

[1] Defense Counsel not only conferred with each other, but with Mr. Washington, who remained present throughout.

Transcript of Jury Trial, Nov. 14, 2023, at 13-17 (ECF 220).

## II. Discussion

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Although jeopardy attaches when a jury is empaneled and sworn, "[m]istrials declared with the defendants' consent do not bar later prosecution."  *Love v. Morton*, 112 F.3d 131, 133, 136 (3d Cir. 1997).  "Our jurisprudence does not prohibit retrial following termination if a defendant consents or waives the right to assert double jeopardy, or when there is manifest necessity to terminate the first trial." *Id.* at 136-37 (citing *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982); *Arizona v. Washington*, 434 U.S. 497 (1978); *United States v. Dinitz*, 424 U.S. 600 (1976); *Illinois v. Somerville*, 410 U.S. 458 (1973)).  Here, the record is clear that Defendant – represented by Mr. DeStefano and Ms. Pawelski – consented to the mistrial.  Transcript of Jury Trial, Nov. 14, 2023, at 13-17 (ECF 220).

Defendant concedes that he consented to the mistrial, but he argues that the Double Jeopardy Clause nonetheless bars retrial of the "financial" charges because: (a) the Government "goaded" him into consenting, and (b) the Court was incorrect to find manifest necessity in granting a mistrial.

The Supreme Court has recognized the "narrow exception" that a Defendant cannot be retried, despite consenting to a mistrial, if the prosecutor acted "to goad the defendant into requesting a mistrial."  *Oregon v. Kennedy*, 456 U.S. 667, 673 (1982) (citing *Dinitz*, 424 U.S. at 611); *United States v. Brown*, 994 F.3d 147, 152 (3d Cir. 2021) ("When the government intentionally provokes a mistrial, the Double Jeopardy Clause acts as a 'shield' against prosecutorial misconduct.").  Defendant argues that the Government intentionally withheld important discovery until the start of the trial, and in that respect "goaded" him.  I disagree.

4

The discovery at issue came to light as a result of arguments raised by Defense Counsel during the first day of trial. It became apparent that one defense strategy would be to challenge whether cooperating witnesses could identify Mr. Washington. That prompted the Government's case agent to conduct further review of the investigative file, where he discovered a photo array and related documents which were then produced. Ordinarily, I would be strongly critical of the Government for such late production, but the history of this case weighs against too strong of a reproach. When the indictment was first filed in 2016, Mr. Washington's identity was not yet known. He was added in a superseding indictment in 2017. And he was not taken into custody until 2021, by which point agents involved in the case had retired or been transferred, and the file marked closed. Given that passage of time and change in personnel, an oversight such as occurred here is more understandable.

Indeed, in first producing the discovery, the Government stipulated that it would not make affirmative use of the produced documents, and on that basis offered to proceed. But the Court replied that perhaps defense counsel might find some different utility in the documents and needed time for sufficient review. Transcript of Jury Trial, Nov. 14, 2023, at 11-12 (ECF 220). In fact, it was Defense Counsel who initially suggested that a mistrial might be warranted: "[W]e would respectfully request that the trial be adjourned. Maybe next week, maybe the week after Thanksgiving . . . . We would ask for a mistrial but since the jury is sworn, we hate to lose -- the jurors." *Id.* at 5. Then, after the Court reminded counsel that a second trial would be necessary regardless, the parties explicitly consented to a mistrial.[2]

---

[2] As to Defendant's argument that the Court incorrectly found "manifest necessity" to declare a mistrial, the Supreme Court has made clear that manifest necessity is not a requirement when a mistrial is granted "at the defendant's request or with his consent," as here. *Dinitz*, 424 U.S. at 608; *accord Love v. Morton*, 112 F.3d at 136-37).

Defense counsel has requested a further adjournment for purposes of interlocutory appeal. The Third Circuit has made clear that such an appeal does not necessarily divest a district court of jurisdiction. *United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980). Rather, the district court may proceed with a scheduled trial if it concludes that the appeal is frivolous. *Id.* at 105. Here, the record is unambiguous as to Defendant's consent, and an appeal would be frivolous on that basis. The record is also unambiguous in establishing that a mistrial represented sensible case management, given the need for a separate trial on the gun-related charges, caused by Defendant's belated objection to the scope of the *voir dire*. Trial will proceed unless prohibited by the Court of Appeals.

### III. Conclusion

For the reasons provided, Defendant's motion to dismiss Counts 1-5 and 7-11 of the Superseding Indictment is dismissed.

/s/Gerald Austin McHugh
United States District Judge