## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO. 16-405-2** |
| | **:** | |
| **CHARLES WASHINGTON** | **:** | |

**McHUGH, J.**                                                             **May 21, 2026**

### MEMORANDUM

Defendant Charles Washington was convicted by a jury in December of 2023 of bank fraud, possessing counterfeit checks, conspiracy, and the making of false statements to a federal firearms dealer.[1]  He received a sentence of two years, slightly below the applicable guideline range, and is currently on supervised release. He did not appeal his conviction or sentence but has filed a series of motions seeking to vacate his conviction and other forms of relief.

A threshold motion that must be addressed is a motion for recusal, which is predicated upon rulings made by the Court that were adverse to Mr. Washington. This motion requires little discussion because it is well settled that a party's displeasure with the court's legal rulings does not form an adequate basis for recusal. *Liteky v. United States,* 510 U.S. 540, 555 (1994); *Securacomm Consulting, Inc. v. Securacom,* Inc., 224 F.3d 273, 278 (3d Cir.2000).

Mr. Washington next moves for relief under 28 U.S.C.  § 2255.  He first seeks leave to file a belated appeal, contending that his attorney gave him poor advice. He admits that he was informed of his right to appeal and does not say that he requested her to file an appeal, stating only that she did "not explain the appeal process adequately."  Such vague allegations do not establish

---

1  The lengthy interval between when Mr. Washington was indicted and when he was tried was a function of the fact that law enforcement was unable to locate him and he was first detained when he applied for a passport in the summer of 2021.

ineffective assistance. The one specific allegation made is that counsel misinformed him that an unsuccessful appeal could result in additional prison time.   This claim is wholly implausible. When Defendant's retained counsel faltered, the Court appointed an attorney with substantial experience in financial crimes who was a partner at a leading firm, and who zealously represented Mr. Washington throughout this case.   Given her experience and performance in this case, no credence can be given to this contention.

Mr. Washington next claims ineffective assistance predicated upon failure to argue that he played a minor role in the conspiracy.   This is contradicted by the record, as such arguments played a prominent role in the defense presentation at sentencing. *See* ECF 261. Moreover, as the sentencing judge who presided at trial, where evidence was presented prominently featuring Mr. Washington in more than one bank surveillance video committing acts in furtherance of the fraud, I had a clear understanding of the role he played.   In a later filed "supplement" to his § 2255 motion, ECF 267, Mr. Washington contests his conviction for participating in false statement to a firearms dealer, arguing the gun unlawfully purchased "was found in Brooklyn" with "no direct link" to him. But the essence of straw purchases is that the buyer is procuring a weapon for someone else who is not permitted to own one. Mr. Washington did that here, and the weapon found its way onto the street in Brooklyn, accessible to children. This hardly undercuts his conviction and is if anything an aggravating rather than mitigating factor as to his sentence.

The motion for relief under § 2255 will be denied.

Mr. Washington then filed a later motion, styled as a motion to dismiss under Rule 29 of the Federal Rules of Criminal Procedure. This motion does not raise claims of ineffective assistance of counsel, but rather various substantive arguments against his conviction.   The motion is untimely, as the window within which to invoke Rule 29 ended 14 days after conviction.

Some of the issues raised might have been a technically proper subject for a direct appeal, but Mr. Washington did not appeal, and I have rejected his argument that his failure to do so was caused by ineffective assistance. Even if the motion were construed as one pursuant to § 2255, it is untimely, because the time within which to file had expired. Finally, even if there were jurisdiction to reach the merits, the claims Mr. Washington raises are speculative, largely contradicted by the record, and in some instances simply reflect a misunderstanding of the import of the Court's ruling.2

The motion to dismiss will be denied.

Finally, Mr. Washington has filed a motion for reduction of sentence that raises arguments duplicative of his other filings, which will also be denied.

In summary, all the pending motions will be denied, without issuance of a certificate of appealability.

/s/Gerald Austin McHugh
United States District Judge

---

2  As one example, at the close of the evidence I dramatically narrowed the time frame within which the Government could argue Mr. Washington was a participant in the conspiracy.   This was not an improper amendment of the Indictment that prejudiced Mr. Washington, but a limitation on the scope of the Government's argument, something that redounded to his benefit.